UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN A. WARREN,

                Petitioner,                                        Hon. Wendell A. Miles

v.                                                      Case No. 1:05-CV-791

ANDREW JACKSON,

                Respondent.

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Warren's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Warren's petition be **denied**.


## BACKGROUND

As a result of various incidents which occurred on January 18-19, 1995, Petitioner was charged with: (1) felony murder; (2) two counts of first degree criminal sexual conduct; (3) first degree home invasion; (4) assault; (5) kidnaping; and (6) unlawful driving away or taking of a motor vehicle. Following a jury trial, Petitioner was convicted on all charges. (Trial Transcript, Sept. 6, 1995, 82-83). At sentencing, Petitioner's conviction for first degree home invasion was vacated as required by Michigan law on the ground that it constituted the predicate offense upon which

1

Petitioner's felony murder conviction was based.  (Tr. 58-60).

With respect to the murder conviction, Petitioner was sentenced to serve life in prison without the possibility of parole.  (Sentencing Transcript, Oct. 16, 1995, 47).  On each of the two counts of criminal sexual conduct, Petitioner was sentenced to 30-60 years imprisonment.  (Tr. at 47-49).  On the assault conviction, Petitioner was sentenced to serve 90 days.  (Tr. 50).  With respect to the kidnaping conviction, Petitioner was sentenced to 30-60 years imprisonment.  (Tr. 50).  For having unlawfully driven away or taken a motor vehicle, Petitioner was sentenced to serve 3-5 years in prison.  (Tr. 50-52).  Finally, the sentencing court awarded Petitioner 302 days credit towards his various sentences for time already served.  (Tr. 50-52).

Petitioner subsequently pursued numerous appeals and motions for post-judgment relief in the Michigan courts, without success.  (Dkt. #80-87).  On May 11, 2005, Respondent authored a letter to the judge who imposed sentence on Petitioner, which reads in relevant part as follows:

> The Michigan Department of Corrections conducts regular audits of prisoner records to confirm accuracy on a number of record issues. A recent review of [Petitioner's] record determined a need to clarify the amount of jail credit granted.
>
> [Petitioner] was sentenced in your courtroom on 10/16/95.[1]
>
> The offense date listed in the Pre-Sentence Investigation Report identifies the offense occurred on 1/19/05.
>
> The jail credit of 302 days gives the prisoner credit for 31 days time served prior to committing the offense.  If the court's intent was to give the prisoner credit for time served as of the offense date, the jail credit granted should be 271 days.  If you concur, please send an amended Judgment of Sentence so that [Petitioner's] time

---

[1]  The original Judgment of Sentence is contained within docket entry #80.

2

computation may be corrected.

(Dkt. #92, Exhibit A).

On September 14, 2005, the sentencing court issued an Amended Judgment of Sentence.  (Dkt. #92, Exhibit B).  This amended judgment was identical to the initial judgment, except that the amended judgment awarded Petitioner 271 days of "jail credit" instead of the 302 days Petitioner received in the initial judgment.  (Dkt. #80; Dkt. #92, Exhibit B).  On November 25, 2005, Petitioner initiated the present action in which he asserts the following claim:

> I.    Petitioner is entitled to be discharged from imprisonment, by way of writ of habeas corpus, where the Calhoun County Circuit Court has denied Petitioner an opportunity to be heard, in violation of the Fourteenth Amendment to the United States Constitution.

## STANDARD OF REVIEW

Warren's petition, filed November 25, 2005, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the

3

evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively*

4

unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

### I.      The Court has Jurisdiction to Resolve Warren's Petition

On August 8, 2000, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan. On May 24, 2001, Warren's petition was "denied with prejudice." *See Warren v. Jackson*, case no. 2:00-cv-73560, dkt. # 41-42, (E.D. Mich.).

Respondent asserts that this Court lacks the jurisdiction to resolve Warren's present petition as such constitutes a "second or successive" petition.

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), his current petition is subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b).  *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).  Before a "second or successive" petition may be considered by the district court, the applicant must obtain from the court of appeals an order authorizing such.  28 U.S.C. § 2244(b)(3)(A).

However, "[t]he phrase 'second or successive petition' is a term of art" which is not to be interpreted literally.  *Slack v. McDaniel*, 529 U.S. 473, 486 (2000).  Thus, not every "numerically second" petition for habeas relief constitutes a "second or successive" petition for purposes of the AEDPA.  *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).  To assess whether a petition constitutes a "second or successive" petition, the Court must apply the abuse of the writ doctrine, pursuant to which a "second or successive" petition is one that "raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."  *Id.* citing *McClesky v. Zant*, 499 U.S. 467, 489 (1991).

While Warren's petition, since amended several times, is difficult to interpret, it is clear from Petitioner's most recent pleadings that the only claim asserted in the present action is that the sentencing court improperly issued an amended judgment of sentence without first appointing counsel for Petitioner and providing him an opportunity to be heard.  Because this claim did not arise until September 2005, Petitioner could not have asserted it in his earlier petition for writ of habeas corpus, initiated in August 2000.  The Court concludes, therefore, that Warren's present petition for

writ of habeas corpus is not a "second or successive" petition for purposes of the AEDPA.

## II.          Petitioner's Claim is without Merit

Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). Exhaustion requires that Petitioner provide the "highest court in the state" a "full and fair opportunity" to pass upon his claim that his federal rights have been violated. *Rust v. Zent* 17 F.3d 155, 160 (6th Cir. 1994); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (petitioners must "fairly present" their federal habeas claims to the state courts). The record contains no evidence that Petitioner has properly exhausted the claim asserted herein. Petitioner's failure to exhaust notwithstanding, this claim may nonetheless be denied on the merits. *See* 28 U.S.C. § 2254(b)(2).

Petitioner has the constitutional right to be sentenced pursuant to fair procedures. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Petitioner is likewise entitled to be represented by counsel at sentencing. *See United States v. Hamad*, 495 F.3d 241, 247 (6th Cir. 2007) (citing *Mampa v. Ray*, 389 U.S. 128, 137 (1967)). Petitioner has not challenged the fairness of his October 16, 1995 sentencing. Petitioner was represented by counsel at sentencing and was given the opportunity to be heard. A review of the sentencing transcript reveals that any challenge to the fairness of Petitioner's sentencing would not be successful.

To obtain habeas relief, Petitioner must establish that he is being detained in violation of the Constitution, laws, or treaties of the United States. Petitioner has a constitutional right to credit for time served prior to sentencing where there exists a state law mandating such. *See Hoover*

7

*v. Snyder*, 904 F.Supp. 232, 234 (D. Del. 1995) (citations omitted).  Michigan has enacted such a law.  *See* Mich. Comp. Laws § 769.11b.  Petitioner was arrested on January 19, 1995, and sentenced 271 days later on October 16, 1995.

The execution of the amended judgment of sentence in this matter does not, in the Court's estimation, constitute the imposition of sentence as Petitioner asserts.  The actual imposition of sentence occurred on October 16, 1995.  The subsequent issuance of an amended judgment of sentence was undertaken merely to accurately reflect the amount of credit against sentence Petitioner was entitled to under Michigan law by virtue of his pre-sentence incarceration.  Thus, Petitioner has not demonstrated that he has been denied the appropriate credit against sentence for time served prior to sentencing.

To the extent that Petitioner asserts merely that state prison officials improperly computed his prison term, such is not cognizable in a federal habeas proceeding.  *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir., May 14, 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)) (while incarcerating a prisoner beyond the expiration of his maximum sentence can justify habeas relief, "the actual computation of [a prisoner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254").

In sum, Petitioner has failed to demonstrate that either his sentence or the process by which such was imposed violate any right protected by the Constitution, laws, or treaties of the United States.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Warren's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: April 1, 2008                        _/s/ Ellen S. Carmody_____
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge

9