UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,

                                             Case No. 1:05-cv-791

v.

                                             Hon. Wendell A. Miles

ANDREW JACKSON,

        Respondent.

_____/

OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

        This matter is before the court on Petitioner Brian A. Warren's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation (R&R) dated April 1, 2008, recommending that Petitioner's petition for writ of habeas corpus be denied because the grounds he raises for habeas relief have no merit. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

        This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

        Petitioner was arrested on January 19, 1995, and remained in the county jail until and during his trial. He was tried and convicted, and on October 16, 1995, sentenced to life in prison without the possibility of parole on his felony-murder conviction, and various terms of

imprisonment on five other convictions. The sentencing court awarded Petitioner 302 days credit towards his sentences for time already served. By letter dated May 11, 2005, the Michigan Department of Corrections alerted the trial judge that an audit of prisoners' records revealed that the time Petitioner served in the county jail from the date of his arrest until sentencing was 271 days. On September 14, 2005, the trial judge issued an Amended Judgment of Sentence, which was identical to the original judgment, except it awarded Petitioner 271 days for time served, rather than 302.

Petitioner claimed that the Amended Judgment was issued in violation of his Fourteenth Amendment right to due process, because the trial court did not first appoint him counsel or provide him with an opportunity to be heard. The Magistrate Judge found that the Amended Judgment did not constitute a re-sentencing, but merely reflected the amount of time for credit served that Petitioner was entitled to under Michigan law. Because Petitioner was raising a claim involving a matter of state law, it was not cognizable under the habeas corpus statute.

Petitioner objects, and argues that (a) he never received a pre-trial bail hearing and was never granted bail, (b) he did not receive a speedy trial in compliance with MCR 6.106(B)(3), and (c) that the trial court's failure to set bail deprived that court of jurisdiction. Therefore, his conviction was void, and he is in the custody of the Michigan Department of Corrections by reason of a void judgment. Plaintiff contends that a jurisdictional defect cannot be waived, but requires reversal. This argument was not addressed in the R&R.

There is no absolute federal constitutional right to release on bond pending trial or appeal. See Bloss v. Michigan, 421 F.2d 903, 905 (6th Cir. 1970). Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense

must be given his liberty on bail pending trial.  The Eighth Amendment's provision that "excessive bail shall not be required" has never been interpreted to require that all persons awaiting trial be released on bail.  <u>Atkins v. People of State of Mich.</u>, 644 F.2d 543, 549 (6th Cir. 1981).  "The states have authority to determine that certain arrestees are so dangerous to the community because of either the nature of the crime with which they are charged or their propensity to flee before trial that they may be denied bail and incarcerated."  <u>Id.</u>  The Michigan Constitution and state statutes provide that before conviction all persons shall be permitted release on bail, except in cases involving murder or treason "when the proof is evident or the presumption great."  <u>See</u> Mich. Const. art. I, § 15(b) (denying bail "where proof is evident or the presumption great" to all "person[s] . . . indicted for . . . murder or treason"); MCL § 765.5 (stating that no "person charged with treason or murder shall be admitted to bail if the proof of his guilt is evident or the presumption great").  That Petitioner was denied bail pursuant to Michigan law that does not violate the federal Constitution, and did not deprive the state trial court of jurisdiction.

Petitioner has not objected to the Magistrate Judge's conclusion that correcting a computational error that resulted in Petitioner receiving the amount of credit Petitioner was entitled to under state law did not violate his due process rights.  Although incarcerating a prisoner after the expiration of his maximum sentence, which in this case was life imprisonment, may result in a constitutional violation, the actual computation of a prisoner's prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254.  Accordingly, the court agrees with the recommendation of the Magistrate Judge that the petition for writ of habeas corpus be denied.

## Conclusion

After reviewing the relevant parts of the record and the Magistrate Judge's R & R, the court finds that the Magistrate Judge's findings, conclusions and recommendations are correct. Accordingly, the court OVERRULES the Plaintiff's objections (docket # 122), ADOPTS the Magistrate Judge's Report and Recommendation (docket #121), and DENIES the petition for writ of habeas corpus (docket #1).

So ordered this 9th day of May, 2008.

                                              /s/ Wendell A. Miles
                                              Wendell A. Miles
                                              Senior U.S. District Judge