UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,

                                      Case No. 1:05-cv-791

v.

                                      Hon. Wendell A. Miles

ANDREW JACKSON,

        Respondent.
_____/

## ORDER

This matter is before the court on Petitioner's Emergency Motion for Reconsideration (docket # 126), and Objections to Opinion and Order Adopting the Magistrate Judge's Report and Recommendation (docket # 128).

On April 1, 2008, Magistrate Judge Ellen A. Carmody issued a Report and Recommendation (R&R), recommending that Petitioner's habeas petition be denied because the grounds he raised had no merit. Petitioner filed objections. On May 9, 2008, the court adopted the R&R, and denied the petition. In both his present emergency motion for reconsideration and objections, Petitioner's sole argument is that his conviction is void because the trial court lacked subject matter jurisdiction due to the district court's alleged failure to comply with MCR 6.110(G),[1] which sets out the procedures that follow a preliminary examination. Petitioner

---

[1] Petitioner is actually challenging personal jurisdiction rather than subject matter jurisdiction. In Michigan, the circuit court is a court of general jurisdiction, and has original jurisdiction over all criminal cases involving felonies. See MCL 600.601. Personal jurisdiction is vested in the circuit court upon the filing of a return by the magistrate who conducted the preliminary examination. Genesee County Prosecutor v. Genesee Circuit Judge, 215 NW2d 145, 146 (1974).

specifically claims that the district court never certified and filed a "return."[2]  The jurisdictional claim, however, is procedurally defaulted.  Procedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Wainright v. Sykes, 433 U.S. 72, 80 (1977).  Petitioner's jurisdictional claim falls into the second category.  Petitioner did not raise the jurisdictional question at the time of trial.  Petitioner, represented by appellate counsel, filed a direct appeal of his conviction in the Michigan Court of Appeals and the Michigan Supreme Court.  The jurisdictional issue was not raised in appellate counsel's brief, nor did Petitioner raise it in the supplemental brief he filed with the Michigan Court of Appeals.  After his conviction was affirmed, Petitioner filed a motion for relief from judgment under MCR 6.500 in the trial court, but failed to raise the jurisdictional issue.  Petitioner's subsequent motions for relief from judgment, in which he raised the jurisdictional question, were barred by MCR 6.502(G), which provides that a defendant may file

---

[2]On March 22, 1995, the district court signed and dated a document titled "Bind Over/Transfer After Preliminary Examination - Felony," on which the district judge checked two boxes:

> Examination was held and it was found that probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed the offense," and

> The defendant is bound over to circuit court . . . on the charges in the complaint.

(Emergency motion, Ex. 3).  The bind over was filed with the circuit court on March 24, 1995. (Emergency motion, Ex. 4, p.8).

only one motion under Rule 6.500. "When a habeas petitioner fails to obtain consideration of a claim by a state court, ... due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available ..., that claim is procedurally defaulted and may not be considered by the federal court on habeas review." Seymour v. Walker, 224 F.3d 542, 549-50 (6th Cir. 2000); accord Cone v. Bell, 243 F.3d 961, 967 (6th Cir. 1985) (stating that if a claim presented in the federal court was never presented in the state courts, but a state procedural rule now prohibits the state court from considering it, the claim is considered exhausted, but is procedurally barred).

Where a petitioner procedurally defaulted his federal claim in state court, a federal court may review the issue only if the petitioner demonstrates either: (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006); Murray v. Carrier, 477 U.S. 478, 495 (1986). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. House, 547 U.S. at 536. Petitioner does not present new evidence, nor claim that he is actually innocent. Moreover, Petitioner has not attempted to explain his failure to raise the issue in his supplemental brief to the Michigan Court of Appeals or his first motion for relief from judgment. If a petitioner fails to show cause, the court need not consider whether he has established prejudice. Engle v. Isaac, 456 U.S. 197, 134 n.43 (1982).

Even assuming the claim was not procedurally defaulted, it is not cognizable on federal habeas review. A federal court may grant a petition for habeas corpus only on the ground that

the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal courts have no power to intervene on the basis of a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62, 68 (1991). "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976); accord Wesselman v. Seabold, 834 F.2d 99, 102 (6th Cir. 1998); Strunk v. Martin, 27 F.App'x 473, 475 (6th Cir. 2001). Consequently, even if the jurisdictional claim was not procedurally defaulted, it would not be reviewable by this court.

For the foregoing reasons, Petitioner's Objections (docket # 128) are overruled, and the Emergency Motion for Reconsideration (docket # 126) is DENIED.

So ordered this 3rd day of June, 2008.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge