UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,

        Case No. 1:05-cv-791

v.

        Hon. Wendell A. Miles

ANDREW JACKSON,

        Respondent.
_____/

## ORDER

This matter is before the court on Petitioner's Supplemental Emergency Motion for Reconsideration of the order issued on May 9, 2008, adopting the Magistrate Judge's Report and Recommendation and denying the petition for writ of habeas corpus. For the reasons that follow, the court denies Petitioner's present motion.

On June 3, 2008, the court denied Petitioner's first emergency motion for reconsideration, in which he contended that his conviction is void because the trial court lacked subject matter jurisdiction due to its alleged failure to comply with MCR 6.110(G), which sets out the procedures that follow a preliminary examination. The court found that the jurisdictional issue was procedurally defaulted, and even if not defaulted, lacked merit.

Petitioner now contends that the court failed to properly consider his "actual innocence" argument. On January 19, 1995, Petitioner was charged with first degree felony murder, two counts of first-degree sexual conduct, assault and battery, kidnapping, unlawfully driving away an automobile, and home invasion. Following a jury trial, he was convicted on all charges. At

sentencing, on October 16, 1995, the trial court vacated the home invasion charge on the basis of double jeopardy because it was the predicate crime for the felony murder conviction.[1]  Home invasion was added to the felony murder statute in 1996, after the date of Petitioner's conviction. Thus, Petitioner argues, the felony murder and sexual conduct convictions are void because they could not be predicated on the home invasion charge.  The Michigan Court of Appeals explained that on the date of the offense and the date Petitioner was charged, the felony murder statute included "breaking and entering a dwelling" as a predicate offense for felony murder.  MICH. COMP. L. § 750.316.   The Court of Appeals compared the elements of home invasion and breaking and entering, and concluded that the commission of home invasion accompanied by a "breaking" constituted "breaking and entering of a dwelling."  After considering the jury instructions given by the trial court, the Court of Appeals found that "there can be no reasonable doubt that the jury found that defendant committed a breaking and entering of a dwelling." People v. Warren, 578 N.W.2d 692 (Mich. App. 1998), rev'd in part on other grounds, 615 N.W.2d 691 (2000)

   Federal courts are bound by a state court's adjudication of a petitioner's claim unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, or was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008).  The United States Supreme Court has held that "the state courts are the ultimate expositors of state law."  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).  Therefore, federal

---

[1] A conviction of both felony murder and the underlying felony violates double jeopardy, and the proper remedy is to vacate the conviction and sentence for the underlying felony.  People v. Passeno, 489 NW2d 152, 155 (1992).

2

courts reviewing a petition for writ of habeas corpus must give deference to a state appellate court's construction of the elements of state crimes.  See McMillan v. Pennsylvania, 477 U.S. 79, 84-86 (1986); Coe v. Bell, 161 F.3d 320, 347 (6th Cir.1998) (stating that court must defer to state supreme court's construction of the elements of a state crime); Cox v. Maxwell, 366 F. 765, 767 (6th Cir. 1996) ("[i]t is within the province of a state to define crimes and to fix punishments therefor"); Lakin v. Sting, 80 F. App'x 368, 373 (6th Cir. 2003) (stating that "it is well established that 'it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States", citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). This Court must therefore defer to the Michigan Court of Appeals' interpretation of the statute and construction of the elements of the crime.  The Michigan Court of Appeal's resolution of the issue was neither contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds that reasonable jurists could not find that this court's dismissal of Petitioner's "actual innocence" claim was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

3

For the foregoing reasons, the court DENIES the Supplemental Motion for Reconsideration (docket #135); and further, DENIES a certificate of appealability on this issue. So ordered this 25th day of June, 2008.

     /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge